IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERRY L. DIGGS,              ) | |
|     Plaintiff,         ) | |
| vs.                           ) | No.  3:06-CV-2233-M (BH) |
|                        ) | ECF |
| CRAIG CUNNINGHAM,    ) | Referred to U.S. Magistrate Judge |
| et al.,                       ) | |
|     Defendants.       ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On December 6, 2006, plaintiff filed the instant action against Craig Cunningham and Facilitech Systems Inc. for wrongful termination, negligence, defamation, personal injury, workmen's compensation, violation of Sixth Amendment, and failures to train and document related to his employment between 2000 and 2003. Contemporaneously with these findings, the Court has granted plaintiff permission to proceed *in forma pauperis*. No process has been issued in this case.

Plaintiff has filed a previous federal complaint against the same defendants and others. *See Diggs v. Cunningham*, No. 3:04-CV-1367-D (N.D. Tex. filed June 23, 2004). In his amended complaint filed August 18, 2004, he alleged violations of Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Age Discrimination in Employment Act of 1967. *See id.* (am. compl., doc. 18). His claims concerned his employment between 1997 and 2003. *See id.* (findings, conclusions, and recommendation, doc. 42). On September 20, 2005, the Court dismissed the claims

against defendants Cunningham and Facilitech Systems Inc. with prejudice upon the recommendation of the assigned Magistrate Judge that plaintiff did not file them within the applicable period of limitations. *See id.* (judgment and order, docs. 47 and 48). On July 5, 2006, the Court dismissed the remainder of the action with prejudice. *See id.* (judgment and order, docs. 76 and 77).

## II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal, if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

This Court has already dismissed a previous action by plaintiff against defendants that stemmed from his employment. That action stemmed from the same set of facts and occurrences that form the basis for the instant complaint. That plaintiff now raises different claims or characterizes his claims differently does not alter the previous dismissal. Because plaintiff has already "unsuccessfully litigated" a previous action against defendants based upon the same set of facts and occurrences, the instant action is frivolous under *Wilson* and 28 U.S.C. § 1915(e)(2)(B).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** this 4th day of January, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE